THE FOLLOWING ORDER
IS APPROVED AND ENTERED
AS THE ORDER OF THIS COURT:

DATED: September 8, 2017

G. Michael Halfenger
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

_____

In Re:

    Todd Joseph Bethe and                  Case No. 11-25388-GMH
    Jill Marie Bethe,

            Debtors.                           Chapter 13
_____

**DECISION**
_____

      Todd and Jill Bethe commenced this chapter 13 case in April 2011. Their confirmed chapter 13 plan originally required them to pay over $2,000 a month to the chapter 13 trustee for five years to fund repayment of various adjusted debts. CM-ECF Doc. Nos. 2 & 23. Among the debts the plan instructed the trustee to pay was a home-mortgage-loan arrearage for the debtors' residence located in Oshkosh, Wisconsin. CM-ECF Doc. No. 2 at 3. The plan also provided that, with respect to the residence, the Bethes would "make all post-petition mortgage payments directly to each mortgage creditor as those payments ordinarily come due." *Id.*

# I
## A

In 2011, U.S. Bank N.A., as trustee, timely filed a claim secured by a mortgage on the debtors' residence. See Claim No. 29-1. U.S. Bank later filed an amended claim stating that all notices with respect to the mortgage debt owed to U.S. Bank should be sent to its agent, Select Portfolio Servicing, Inc. See Claim No. 29-2.

On November 21, 2016, the chapter 13 trustee filed a "Notice of Completion of Plan." CM-ECF Doc. No. 128. The notice reported that the "Trustee's Office has verified that the debtor[s] . . . [have] made all plan payments and have complied with all requirements as stated in the Order Confirming the Chapter 13 Plan." *Id.* Based on the trustee's notice, the court on the same day entered an order granting the debtors a discharge under 11 U.S.C. §1328(a). CM-ECF Doc. No. 129.

On November 29, 2016, the trustee served Select Portfolio with a "Notice of Final Cure Payment," as required by Federal Rule of Bankruptcy Procedure 3002.1(f). See "doc" filed on November 29, 2016. The trustee's notice stated, "[t]he amount required to cure the default in [Select Portfolio's] claim . . . has been paid in full." *Id.* The notice provided the claimant with 21 days within which to file a response, as required by Federal Rule of Bankruptcy Procedure 3002.1(g). *Id.*

U.S. Bank timely responded to the notice of final cure on December 6, 2016. See "doc" filed on December 6, 2016. The response agrees that the trustee had transferred funds sufficient to cure the prepetition default but alleges that the "debtor[s] are not current on all postpetition payments consistent with § 1322(b)(5)". *Id.* The response states that the debtors had failed to make postpetition payments totaling $26,110.33 and owed an additional $2,439.02 in fees, charges, expenses, escrow, and costs. *Id.* The response further states that the debtors were delinquent on postpetition mortgage payments that first became due on January 1, 2015. *Id.* Neither the debtors nor the trustee moved the court for a determination that the debtors had cured the default or paid all required postpetition amounts. See Fed. R. Bankr. P. 3002.1(h).

B

On May 1, 2017, the chapter 13 trustee filed her final report and account and requested that the court enter a final decree. CM-ECF Doc. No. 132. The report indicated that the debtors had completed their plan in October 2016 and that the trustee disbursed about $104,000, including almost $20,000 to unsecured creditors. *Id.* at 4.

In the course of reviewing the final report after the conclusion of the 30-day objection period, see Fed. R. Bankr. P. 5009(a), the court discovered U.S. Bank's uncontested assertion that the debtors had not made all postpetition mortgage payments. Because a §1328(a) discharge is available only to debtors who have completed "all payments under the plan", the court scheduled a hearing and directed the parties to consider *In re Coughlin*, 568 B.R. 461 (Bankr. E.D.N.Y. 2017). *Coughlin* holds that a chapter 13 debtor who fails to make postpetition long-term debt maintenance payments required by the plan is not entitled to a discharge under §1328 because "[a] chapter 13 debtor's direct payments to a secured creditor pursuant to a 'cure and maintain' plan are 'payments under the plan' for purposes of § 1328(a)". *Id.* at 480–81. At the hearing, neither the debtors nor the trustee contested *Coughlin*'s reasoning.

Counsel for the trustee explained that the trustee's practice has been to file a notice of completion when the debtor makes the final payment to the trustee. Counsel explained that the trustee has no way to know whether the debtor made all postpetition maintenance payments when the plan requires the debtor to make those payments directly to the mortgage creditor.

The debtors did not contest that they had failed to make all of the postpetition mortgage payments required by their plan. Debtors' counsel explained that the debtors had negotiated and ultimately obtained a loan modification. Counsel argued that under the circumstances, which include the debtors and the trustee following long-term practices, there is no ground for vacating the debtors' discharge.

The court afforded the trustee and the debtors an opportunity to address in writing whether the court improperly granted the discharge, and, if so, whether the court should vacate the discharge. The trustee elected not to file a brief. The debtors filed a letter brief arguing that the court should not vacate the discharge order because the court should not

view their failure to make the postpetition mortgage payments as a material default under the plan. CM-ECF Doc. No. 142. The debtors also filed an affidavit in which they acknowledge that they missed postpetition mortgage payments and explain that Ms. Bethe has an illness that interfered with her ability to remain regularly employed during the plan term. CM-ECF Doc. No. 142-1. The affidavit further explains that Select Portfolio offered to modify their loan in November 2016, and the parties ultimately entered into a modified loan agreement in February 2017. *Id.*

II

The debtors did not qualify for a chapter 13 discharge. To be eligible for a discharge, a chapter 13 debtor must complete "all payments under the plan". 11 U.S.C. §1328(a). As *Coughlin* explains, a "holistic reading of chapter 13" and the reasoning of several Supreme Court decisions, require the conclusion that direct-pay maintenance payments on long-term debt provided for in a chapter 13 plan are "payments under the plan for purposes of § 1328(a)". *In re Coughlin*, 568 B.R. at 474; see also *id.* at 467–74 (citing, among other decisions, *Rake v. Wade*, 508 U.S. 464, 473 (1993), and *Ransom v. FIA Card Servs., N.A.*, 562 U.S. 61, 64 (2011)). *Coughlin* is persuasive on this point, and this decision adopts its reasoning.

An additional consideration further supports *Coughlin*'s conclusion. Like §1328(a), §1228(a), the section governing the grant of a discharge under chapter 12, limits discharge eligibility to debtors who have completed "all payments under the plan"—the same language found in §1328(a). Compare 11 U.S.C. §§1228(a) with 1328(a). But, unlike §1328(a), §1228(a) excepts maintenance payments due to holders of long-term debt for which the plan provides under either §1222(b)(5)'s or (b)(9)'s cure-and-maintain provisions. A chapter 12 debtor is entitled to a discharge "after completion by the debtor of all payments under the plan . . . *other than* payments to holders of allowed claims provided for under section 1222(b)(5) or 1222(b)(9) of this title" (ignoring other conditions to granting the discharge that are irrelevant here). 11 U.S.C. §1228(a) (emphasis added).

Section 1222(b)(5) is substantially similar to §1322(b)(5). Both provide that the debtor's debt-adjustment plan may "provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending on any unsecured claim or secured claim on which the last payment is due after the date on which the final

payment under the plan is due". Compare 11 U.S.C. §§1222(b)(5) with 1322(b)(5). If a debtor's maintenance payments on long-term debt are not "payments under the plan", there would be no reason for §1228(a) to provide that the debtor must make "all payments under the plan . . . *other than*" payments to holders of long-term debt under §1222(b)(5) and (b)(9). 11 U.S.C. §1228(a) (emphasis added). (Section 1222(b)(9) allows chapter 12 debtors an extended period to repay allowed secured claims, providing for repayment of those claims "consistent with section 1225(a)(5)" over a period exceeding five years.) One cannot read "payments under the plan" in §1228(a) to exclude maintenance payments on long-term debt provided for in the plan without rendering the section's "other than" clause superfluous—a disfavored construction. See *Penn. Dept. of Public Welfare v. Davenport*, 495 U.S. 552, 562 (1990) ("Our cases express a deep reluctance to interpret a statutory provision so as to render superfluous other provisions in the same enactment."); *Ransom*, 562 U.S. at 70 ("Interpreting the statute to require a threshold determination of eligibility ensures that the term 'applicable' carries meaning, as each word in a statute should.").

Once one recognizes that "all payments under the plan" in §1228(a) includes payments the plan requires the debtor to make directly to creditors, one must read "all payments under the plan" in §1328(a) similarly. "At bottom, 'identical words and phrases within the same statute should normally be given the same meaning.'" *Hall v. United States*, 566 U.S. 506, 132 S. Ct. 1882, 1891 (2012) (quoting *Powerex Corp. v. Reliant Energy Servs., Inc.*, 551 U.S. 224, 232 (2007)); *Law v. Siegel*, 134 S. Ct. 1188, 1195 (2014) ("he gives us no reason to depart from the normal rule of statutory construction that words repeated in different parts of the same statute generally have the same meaning") (internal quotations omitted); *Cohen v. de la Cruz*, 523 U.S. 213, 220 (1998) ("the presumption that equivalent words have equivalent meaning when repeated in the same statute . . . has particular resonance here"). See also ANTONIN SCALIA & BRYAN A. GARNER, READING LAW: THE INTERPRETATION OF LEGAL TEXTS 170–79 (2012).

III

The debtors concede they did not make postpetition mortgage payments provided for in their plan. They therefore did not make "all payments under the plan" as required by §1328(a). The court should not have granted them a discharge.

To decide whether the court should vacate the discharge order, the court must consider 11 U.S.C. §1328(e) and Federal Rule of Bankruptcy Procedure 9024, which incorporates Federal Rule of Civil Procedure 60.

A

Section 1328(e) authorizes the court to revoke a discharge only when the "discharge was obtained by the debtor through fraud". 11 U.S.C. §1328(e)(1). Nothing suggests that the debtors engaged in fraud. Thus the discharge may not be revoked under 11 U.S.C. §1328(e).

B

Rule 9024's incorporation of Rule 60(b) affords an alternative source of authority for a bankruptcy court to vacate its discharge order. See *Disch v. Rasmussen*, 417 F.3d 769, 778–79 (7th Cir. 2005); *Cisneros v. United States (In re Cisneros)*, 994 F.2d 1462, 1466 (9th Cir. 1993). Rule 60(b) allows a court to vacate final orders on a variety of grounds, including "mistake". Fed. R. Civ. P. 60(b)(1).

The court's granting of the discharge based on the trustee's report that the debtors had completed all payments under the plan was a mistake. As explained above, the debtors did not complete all payments due under the plan.

1

The debtors argue that their default on the mortgage-maintenance payments was not material because they effectively cured the default by entering into a modification of their mortgage debt. They rely on *In re Diggins*, 561 B.R. 782 (Bankr. D. Colo. 2016).

In *Diggins*, the chapter 13 trustee moved to dismiss the debtor's case under 11 U.S.C. §1307. The trustee argued that the debtor was in material default under the confirmed plan because the debtor had failed to make postpetition mortgage payments directly to the mortgage holder, as required by the plan. 561 B.R. at 783–84, 787–88. But the debtor and the mortgage holder had modified the loan, resulting in the mortgage holder deeming the debtor current on payments. *Id.* at 784–87. Based on the modification, the

court ruled that the debtor was not in material default under §1307(c)(6) and denied the trustee's motion to dismiss. *Id.* at 787–88.

*Diggins* is inapposite. It addresses whether a court should dismiss a chapter 13 case for a "material default by the debtor with respect to a term of a confirmed plan". 11 U.S.C. §1307(c)(6); see also 561 B.R. at 787. The question here, in contrast, is whether this court should vacate a discharge order that it improperly granted to debtors who failed to complete "all payments under the plan", as required by 11 U.S.C. §1328(a).

2

A court need not vacate an order granting discharge simply because it was erroneous. See *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010) (holding that mere error does not mean that a judgment is void for purposes of Rule 60(b)(4)). Rule 60(b) affords trial courts substantial discretion in ruling on whether the court should vacate a final order. See *Mendez v. Republic Bank*, 725 F.3d 651, 657–58 (7th Cir. 2013). In deciding whether to grant relief from a final order, a court must consider whether the equities of the particular case before it warrant that relief. *Id.* at 657. The Seventh Circuit's instruction a half-century ago remains apt: "the relief provided by Rule 60(b) is equitable in character and to be administered upon equitable principles." *Di Vito v. Fidelity & Deposit Co. of Md.*, 361 F.2d 936, 939 (7th Cir. 1966); see also *C.K.S. Engineers, Inc. v. White Mountain Gypsum Co.*, 726 F.2d 1202, 1208 (7th Cir. 1984).

The equities of this case do not warrant vacating the discharge order. The debtors effectively cured their missed mortgage payments with the mortgage-holder's consent by renegotiating their loan. Counsel for the chapter 13 trustee advised that the practice of reporting completion of plan payments when the debtors make their last payment to the trustee is a longstanding one. The court has routinely granted the discharge based on that report.

These practices must change to ensure compliance with 11 U.S.C. §1328(a). Future reliance on them to defend an erroneously granted discharge will likely be unavailing. Under the circumstances of this case, however, the court will not exercise its discretion to revoke the debtors' discharge.

#####